IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-CR-00301-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERALD BLAINE HUNNICUTT, JR.,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on October 20, 2017. The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the proffers by the defendant and the government.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffer submitted by the government

and defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment with Aiding and Abetting False Statement to a Firearms Dealer in violation of 18 U.S.C. § 922(a)(6), 924(a)(2) and (2).

Second, based upon the Indictment, I find probable cause exists as to the above listed charge.

Third, I find that nature of the charge in this case involves aiding and abetting false statement to a firearms dealer.

Fourth, I find that defendant has suffered four prior failures to appear resulting in three warrants being issued. Defendant does not possess a valid Colorado Driver's License. Defendant has committed me crimes while on probation in the past. Defendant has suffered five prior failures to comply in the past resulting in warrants being issued. Defendant has had his probation revoked on three separate occasions in the past. Defendant has self reported that he is prescribed Remeron for depression. Defendant does not have any assets.

Fifth, I find that defendant has suffered a **juvenile adjudications** for Theft-Shoplift (2 adjudications); Trespass School Property-Fail to Obey Instruction; Trespass Posted School Grounds; First Degree Trespass of an Automobile with Intent to Commit a Crime (felony); Curfew Violation by Minor; Attempted Escape from Felony Pending (felony); and Escape from Felony Conviction (felony). Defendant has suffered **adult convictions** for Escape from Staff Secured Facility; Open Container in Public Place; Driving Without a Driver's License; Speeding 25-39 Miles Over Limit; Careless Driving; Battery; Attempted Third Degree Assault-Knowingly/Reckless Cause Injury; and Menacing-Real/Simulated Weapon (felony).

In light of these facts, I find, by clear and convincing evidence, that defendant is both a flight risk and a danger to the community and that no condition or combination of

conditions of release will reasonably assure his presence in court and the safety of the community. Accordingly, I order that the defendant be detained without bond.

Done this 20th day of October 2017.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge