IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 17-cr-00301-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JERALD BLAINE HUNNICUTT, JR.,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on defendant's Objection to Magistrate's Order of November 15, 2022 [Docket No. 59], wherein the defendant objects, pursuant to Fed. R. Crim. P. 59(a), to Magistrate Judge S. Kato Crews' November 15, 2022 denial, Docket No. 58, of defendant's Second Motion for Modification of Bond. Docket No. 56.[1] The United States filed an opposition to the objection. Docket No. 60.

A district court reviews a magistrate judge's detention or release order de novo. *Cisneros*, 328 F.3d at 616 n.1. Although a district court may hold its own hearing if it chooses, there is no statutory requirement that it do so. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (unpublished) (citing *Cisneros*, 328 F.3d at 617). The

_____

[1] The objection also "demands a review of, and appeals from" the November 15, 2022 order and "requests that the Court reverse the Order." Docket No. 59 at 2. Thus, although the objection does not mention the appeal provisions of the Bail Reform Act, the Court construes the request for review as being brought pursuant to 18 U.S.C. § 3142(f). *See United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003).

defendant has not requested a hearing on his objection, and the Court does not believe that a hearing is necessary to resolve the objection.

## I. PROCEDURAL HISTORY

On December 8, 2017, the defendant pled guilty to Count 1 of the indictment, charging him with aiding and abetting the giving of a false statement to a federally licensed firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2. Docket No. 21; Docket No. 22.  On February 23, 2018, the Court sentenced the defendant to 27 months imprisonment and three years supervised release.  Docket Nos. 29, 30.  The defendant commenced supervised release on August 27, 2019. Docket No. 32 at 1.  On June 25, 2021, the United States Probation Office filed a petition for warrant against the defendant, alleging that, "[o]n or about June 24, 2021, the defendant committed Attempted Second Degree Murder – Domestic Violence, in violation of CRS 18-3-103; Second Degree Assault – Domestic Violence, in violation of CRS 18-3-203(i); False Imprisonment – Domestic Violence, in violation of CRS 18-3-303(2)(a)(I); and Obstruction Telephone – Domestic Violence, in violation of CRS 18-9-306.5(1)" as charged in the District Court for Jefferson County, Colorado in Case No. 2021CR1646.  *Id*. at 1-2.  An arrest warrant in this case issued, Docket No. 34, but the defendant remained in custody on the state case until he bonded out, Docket No. 51 at 2, and was brought to this court on the warrant on July 20, 2022.  Docket No. 37. At the preliminary hearing on the revocation of supervised release allegations, the defendant waived his right to a hearing.  Docket Nos. 41, 42.  On July 28, 2022, Judge Crews released the defendant to home incarceration, Docket Nos. 44-46, meaning that he is restricted to 24-hour a day lock-down at his residence.  Docket No. 46 at 3.  On

August 18, 2022, the defendant filed a motion to continue his revocation hearing and to modify the bond condition of home incarceration.  Docket No. 47.  The Court referred the portion of the motion seeking to modify defendant's bond conditions to Judge Crews.  Docket No. 48.  In the motion, the defendant asked the Court to modify his bond conditions from home incarceration to home detention in order to allow him to work because "he needs employment in order to meet his several financial obligations, including retaining an attorney for his case in Jefferson County District Court" and "has child support obligations and other expenses involving assistance to his mother financially."  Docket No. 47 at 2.  The defendant indicated that he had a job available to him as a driver for a company.  *Id*.  The government opposed the request.  Docket No. 51.  Judge Crews denied the motion on August 25, 2022, holding that defendant "failed to raise new information unknown to him at the time of his detention hearing to warrant reopening the hearing under 18 U.S.C. § 3142(f)(2)."  Docket No. 52 at 3-4. Specifically, Judge Crews held that defendant's "need for employment to meet his several financial obligations is not new information unknown to him at the time of his detention hearing."  *Id*. at 2.  In addition, Judge Crews held that, "[e]ven if this court were to consider Defendant's stated need for employment, the Court is not convinced that this need makes Defendant any less a flight risk or danger from that which warranted the combination of conditions the Court imposed."  *Id*. at 3.

On November 14, 2022, defendant filed a second motion for modification of bond, Docket No. 56, wherein defendant again asked the Court to modify his bond conditions from home incarceration to home detention to enable him to work because he "now has custody of his infant son . . . ., who will be two years old on November

3

30th, as the child's mother is not capable of caring for him, and has continuing child support obligations not only for this child but for others who remain in their mother's custody." *Id*. at 1. He also indicated that he had an in-person job interview scheduled for November 21, 2022. *Id*. at 2. The Court referred the motion to Judge Crews. Docket No. 57. On November 15, 2022, Judge Crews denied the motion as failing to raise anything new or different from defendant's previous motion for modification. Docket No. 58. In particular, Judge Crews noted that the defendant's pressing need to work and his family's financial hardship if he does not was addressed when he ruled previously that "Defendant's need for employment to meet his several financial obligations is not new information unknown to him at the time of his detention hearing." *Id*. (citing Docket No. 52 at 2). Judge Crews also noted, as he had when denying the defendant's first motion for modification, that "[n]othing raised in the [s]econd [m]otion makes Defendant any less a flight risk or danger from that which first led to the conditions of release imposed by the Court." *Id*.

## II. ANALYSIS

The defendant requests that the Court vacate and modify the magistrate judge's November 15, 2022 order to allow the defendant to work while on home detention. Docket No. 59. The defendant does not identify any error committed by Judge Crews in denying the second motion to modify, but rather focuses on the defendant's need to be able to work in order to meet his financial obligations "as outlined in his motions." *Id*. at 2.

The Bail Reform Act of 1984 provides two avenues through which a release

4

or detention order can be reconsidered prior to review on appeal by a court of appeals.

*Cisneros*, 328 F.3d at 614.  The first avenue is provided by 18 U.S.C. § 3142(f), which

states that a detention hearing may be reopened

> at any time before trial if the judicial officer finds that information exists
> that was not known to the movant at the time of the hearing and that has
> a material bearing on the issue whether there are conditions of release
> that will reasonably assure the appearance of such person as required
> and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).  The second avenue by which a release or detention order can

be reconsidered is provided by 18 U.S.C. §§ 3145(a) and (b), which permit the

government or the defendant to file a motion for revocation of release order with the

district court.  *Cisneros*, 328 F.3d at 614.

The Court construes the defendant's objection as being made pursuant to 18

U.S.C. § 3142(f).  Neither the defendant's first or second motion to modify his bond

conditions refers to which provision of the Bail Reform Act the defendant proceeded

under.  While the first motion included a request to change the date of the defendant's

supervised release violation hearing, a request appropriately directed to the district

court, *see* Docket No. 47, the part of the motion seeking to modify the defendant's bond

conditions does not mention the language of § 3145(b), such as "revocation" or

"amendment."  And while the first motion does not emphasize the existence of new

information, the second motion, whose denial is the only thing to which defendant

objects, does emphasize "new matter not known at the time of a prior request for this

modification," Docket No. 56 at 2, and the fact that defendant "now" has custody of his

infant son, *id.* at 1, suggesting that it is made pursuant to § 3142(f).  Moreover, the

defendant's failure in his motions to identify the avenue of review he sought does not

give the defendant the benefit of the doubt as to which statutory review provision he invokes, especially since his objection provides no explanation of the statutory basis for either motion.  Otherwise, parties would have an incentive to be vague about the reconsideration avenue they pursue rather than appropriately identifying the statutory basis for review.  An identification of the avenue of review enables the district court to refer the motion to the magistrate judge who conducted the detention hearing or to rule on the motion itself.  *See Cisneros*, 328 F.3d at 614 ("Revocation of a prior release order under § 3142(f) is available only when the review of a detention or release order is being conducted by the same judicial officer who entered the order"); *compare United States v. Doby*, 928 F.3d 1199, 1207 (10th Cir. 2019) ("operation of Rule 59(a) is premised upon the referral of a matter to a magistrate judge by a district judge").

In the second motion to modify, the defendant claimed that he now has custody of his two year old son, whose mother is unable to care for him, and he had an in-person job interview scheduled for November 21, 2022.  Docket No. 56 at 1-2.  The defendant claims that he needs to work in order to meet his increased financial obligations.[1]  *Id*. at 1.  The defendant does not claim any other change of circumstance based on getting custody of his son.  The magistrate judge, in denying the second motion to modify, held that "Defendant's need for employment to meet his several financial obligations is not new information unknown to him at the time of his detention hearing."  Docket No. 58.  Even assuming that defendant's new financial obligations,

---

[1] The defendant attached a letter from his mother to his second motion, but such letter appears to discuss the mother's financial burdens generally and not in reference to new burdens occasioned by the defendant receiving custody of his son.  Docket No. 56-1.

brought about by getting custody of son, satisfy the requirement that this information was "not known" to the defendant at the time of the detention hearing, the defendant presents no evidence or argument addressing the second requirement to re-open a detention hearing, namely, that the new information has "a material bearing on the issue whether there are conditions of release that will reasonably assure" the appearance of the defendant and the safety of the community.  18 U.S.C. § 3142(f)(2). As noted by the magistrate judge, "[n]othing raised in the [s]econd [m]otion makes Defendant any less a flight risk or danger from that which first led to the conditions of release imposed by the Court."  Docket No. 58.  The Court agrees.  The defendant fails to show how his "very pressing need for employment," Docket No. 56 at 1, has a material bearing on the issue of whether he would appear for the revocation hearing or whether home detention would increase the danger to any other person or the community.  As a result, on de novo review of the information presented in the second motion to modify, the Court finds that defendant has failed to justify the modification of his release conditions pursuant to § 3142(f).

## III. CONCLUSION

Wherefore, it is

**ORDERED** that defendant's Objection to Magistrate's Order of November 15, 2022 [Docket No. 59] is **OVERRULED**.

DATED December 8, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

7